Robert Amador, Esq. (State Bar #269168)
Centennial Law Offices
155 South First Street, #2121
Orcutt, CA. 93457
(888)308-1119 ext. 11
(888) 535-8267 fax
R.Amador@centenniallawoffices.com

Attorney for Plaintiff
RONDA ANDERSON

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONDA ANDERSON,<br><br>              Plaintiff,<br>v.<br><br>MEDIATION ACCOUNT CENTER; and DOE 1-5<br><br>              Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**1.) FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. 1692 et seq.)**<br><br>**2.) ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS (Cal. Civ. Code § 1788 et seq.).**<br><br>**DEMAND FOR JURY TRIAL** |

1.  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq.

## JURISDICTION AND VENUE

2.  This Court exercises jurisdiction under 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, and 1367.  This District is of proper venue as Plaintiff is a

resident within this District and Defendants engaged in the actions alleged herein while Plaintiff so resided.

## PARTIES

3.  Plaintiff, RONDA ANDERSON (hereinafter "Plaintiff" or "Ms. Anderson"), is a natural person residing in San Bernardino, California. Defendant, MEDIATION ACCOUNT CENTER is an entity or fictitious business name of unknown origin using a virtual office address in Pembroke Pines, Florida.

4.  Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities once ascertained. Plaintiff believes and thereon alleges that the fictitiously named defendants are operating under MEDIATION ACCOUNT CENTER, are debt collectors, and are responsible for the policies and procedures of the debt collection operation, including those giving rise to Plaintiff's causes of action as set forth herein. DOE 1-5 are therefore responsible for the occurrences herein alleged, and to Plaintiff for damages and/or monies owed.

5.  MEDIATION ACCOUNT CENTER and DOE 1-5 shall hereafter be jointly referred to as "Defendants."

6.  Defendants regularly operate as third-party debt collectors and are "debt collectors" as defined by 15 U.S.C. 1692a and Cal. Civ. Code § 1788.1(c).

## FACTUAL ALLEGATIONS

7. On or about September 8, 2022, Defendants began calling Ms. Anderson in an attempt to collect a consumer debt allegedly owed by Ms. Anderson.

8. On or about September 8, 2022, Defendants called Ms. Anderson at her (424) area code telephone number with a message demanding a return call before "documentation" would be "submitted for immediate service of process." Defendants failed to identify the name of their company or disclose that the communication was from a debt collector.

9. Defendants' telephone message to Plaintiff on or about September 8, 2022 was the first communication Defendants had with Plaintiff.

10. On September 21, 2022, staff from Centennial Law Offices contacted Defendants by telephone. Defendants identified the name of their company as "MAC" and claimed that they are a "mediation firm." When informed that the call was from a law firm in representation of Ms. Anderson, Defendants immediately hung up and failed to answer the phone when called back.

11. On September 28, 2022, staff from Centennial Law Offices again contacted Defendants by telephone. Defendants acknowledged that they were attempting to collect a debt owed to a EZ Corp/EZ Money, the creditor. Defendants provided details on the alleged consumer debt, but failed to identified

the name of their company, stating only that they were the "mediation dept." Defendants admitted that no litigation was pending against Ms. Anderson. When asked for an address, Defendants promptly hung up.

12. On information and belief, Plaintiff alleges that one or more of the DOE defendants was either directly responsible for the message of September 8, 2023 to Ms. Anderson, or that they directed another to do so with a script they wrote or otherwise authorized.

13. Ms. Anderson, concerned and harassed by Defendants' threats and misrepresentation about service of process, retained counsel with Centennial Law Offices.

14. Defendants failed to provide Ms. Anderson with the requisite debt validation information pursuant to 15 U.S.C. 1692g(a) within 5-days of their initial communication with Ms. Anderson on or about September 8, 2022.

15. Centennial Law Offices found that "Mediation Account Center" does not possess a license pursuant to Cal. Fin. Code §100001, which requires debt collectors to obtain such a license prior to engaging in debt collection within the state. "Mediation Account Center" was also found lack the requisite registration to operate as a debt collector in the state of Florida.

16. Upon checking with the Florida Secretary of State, Centennial Law Offices was not able to find an entity registered to do business under the name

"Mediation Account Center."  "Mediation Account Center" was also found lack the requisite registration to operate as a debt collector in the state of Florida.

17. On information and belief, Plaintiff alleges Defendants' misrepresented the name of their company as "Mediation Account Center."

18. On information and belief, Plaintiff alleges Defendants misrepresented they had "documentation" to be "submitted for immediate service of process."

19. On information and belief, Plaintiff alleges that Defendants misrepresented that they are a "mediation firm."

20. As a direct result of the collection activity herein alleged, legal fees in the amount of $2,755.00 have been incurred.

## CAUSES OF ACTION

### COUNT I

21. Plaintiff re-alleges paragraphs 1 through 20, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692d(6) by failing to provide meaningful disclosure of their identity in a communication with Plaintiff, specifically that the communication was from a debt collector, and being made in an attempt to collect a debt.

## COUNT II

22. Plaintiff re-alleges paragraphs 1 through 20, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692e(11) by failing to provide meaningful disclosure of their identity in a communication with Plaintiff, specifically that the communication was from a debt collector, and being made in an attempt to collect a debt.

## COUNT III

23. Plaintiff re-alleges paragraphs 1 through 20, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692g(a) by failing to provide Plaintiff with the debt validation information contemplated by 15 U.S.C. 1692g(a) within 5-days of their initial communication with Plaintiff.

## COUNT IV

24. Plaintiff re-alleges paragraphs 1 through 20, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692e, particularly subsections 1692e(2), 1692e(5), 1692e(10), and 1692e(14), by misrepresenting that: 1.) they were calling from "Mediation

Account Center"; 2.) that they are a "mediation firm"; and 3.) that they had "documentation" to be "submitted for immediate service of process."

## COUNT V

25.     Plaintiff re-alleges paragraphs 1 through 20, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated Cal. Civ. Code § 1788.11(b) by placing calls to Plaintiff in which Defendants failed to disclose that the communications were from a debt collector, and that the communications were made in an attempt to collect a debt.

## COUNT VI

26.     Plaintiff re-alleges paragraphs 1 through 20, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated Cal. Civ. Code § 1788.13(b) by 1.) falsely representing themselves as a mediation firm; and 2.) engaging in communications with Plaintiff in a name other than Defendants' actual name or the creditor on whose behalf Defendants were acting.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

2.) For statutory damages in the amount of $1,000 pursuant to Cal. Civ. Code § 1788.30(b);

3.) For prejudgment interest in an amount to be proved at time of trial;

4.) For attorney's fees pursuant to 15 U.S.C. 1692(k) and Cal. Civ. Code § 1788.30(c);

5.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

## **JURY DEMAND**

Plaintiff demands a jury trial.

Date: September 8, 2023            s/Robert Amador
                                   ROBERT AMADOR, ESQ.
                                   Attorney for Plaintiff RONDA
                                   ANDERSON